**GOVERNMENT OF THE VIRGIN ISLANDS,**

v.

**Wilfredo DIAZ, Appellant.**

No. 04–4773.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 19, 2005.

Decided May 24, 2005.

Maureen Phelan, Office of Attorney General of Virgin Islands, Department of Justice, St. Thomas, USVI, for Appellee.

Jeffrey B.C. Moorhead, St. Croix, USVI, for Appellant.

Before NYGAARD, RENDELL, and SMITH, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Wilfredo Diaz appeals from the denial of his motion to dismiss the criminal charges against him. We will affirm.

While Diaz was incarcerated at the Golden Grove Correctional Facility in St. Croix, Virgin Islands, prison officials charged him with violating prison regulations by repeatedly stabbing another inmate with a knife. The Bureau of Corrections Disciplinary Committee held a hearing after which it found Diaz guilty of violating prison regulations and placed him in administrative segregation for fifty-five days. For the stabbing, the Government then charged Diaz with assault in the third degree and with possession of a dangerous weapon. Diaz filed a motion to dismiss, which the Territorial Court denied. He went to trial and was found guilty on both counts.

Diaz argues that because he had already been tried and sanctioned by prison officials for the stabbing, the Government's attempt to prosecute him violated the Double Jeopardy Clause of the Fifth Amendment. His argument is foreclosed by our decision in *United States v. Newby*, 11 F.3d 1143 (3d Cir.1993). In *Newby*, we held that "a prison disciplinary hearing is not a prosecution for Double Jeopardy

874

Clause purposes. Disciplinary sanctions imposed by prison authorities for infractions of prison regulations do not bar a subsequent criminal prosecution." *Id.* at 1144 (citation omitted). Other Courts of Appeal to address the issue are in agreement. *See United States v. Galan,* 82 F.3d 639, 640 (5th Cir.1996); *United States v. Brown,* 59 F.3d 102, 105 (9th Cir.1995); *United States v. Hernandez–Fundora,* 58 F.3d 802, 807 (2d Cir.1995); *United States v. Rising,* 867 F.2d 1255, 1259 (10th Cir. 1989); *Kerns v. Parratt,* 672 F.2d 690 (8th Cir.1982). Thus, Diaz's argument fails as a matter of law.

Accordingly, we affirm the Territorial Court's order denying the motion to dismiss.